# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD MADDEN, #1378410, § <br> Petitioner, § <br> § <br> v. § <br> § <br> RICK THALER, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | | 3:10-CV-1461-B (BK) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a Texas state inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set out below, it is recommended that the petition be dismissed as barred by the one-year statute of limitations.

## I. BACKGROUND

Petitioner was convicted of possession of a controlled substance with intent to deliver and sentenced to sixty years' imprisonment. *State v. Madden*, No. 23715-86 (86th Judicial District Court of Kaufman County 2005), *aff'd*, No. 05-05-01626-CR (Tex. App. – Dallas, 2006) (unpublished). Petitioner successfully sought leave to file an out-of-time petition for discretionary review (PDR), *Ex parte Madden*, No. WR-69,026-01, SHCR-01 (ID 2314205), at cover and 54, but the Texas Court of Criminal Appeals (TCCA) refused the PDR on August 20, 2008. *Madden v. State*, PDR No 238-08.[1] Subsequently, Petitioner filed two state habeas

---

[1] The Court adopts Respondent's citations to the state court record: State Habeas Clerk's Record ("SHCR") followed by the Event ID number in parenthesis and the page number.

applications under Article 11.07, Texas Code of Criminal Procedure, challenging his conviction. On October 8, 2008, the TCCA dismissed as premature the September 2008 application because his direct criminal appeal was pending as of its filing. *See Ex parte Madden*, No. WR-69,026-02, SHCR-02 (ID 2346107), at cover and 95. On January 13, 2010, Petitioner filed a new application, which remains pending in the convicting court. *See Ex parte Madden*, No. 23715C-86 ((86th Judicial District Court of Kaufman County).[2]

Thereafter, in July 2010, Petitioner filed this federal petition, raising the claims alleged in his pending state application.[3] In seventeen grounds, only one of which appears exhausted, Petitioner challenges the ineffective assistance of counsel, the jurisdiction of the trial court, the legality of the search and seizure, and the jury instructions. (Doc. 1 at 7-11.) In addition, Petitioner requests a stay of the federal petition pending exhaustion of his state court remedies. (Doc. 2 at 1-2.)

As directed by this Court, Respondent filed the state court record along with preliminary and supplemental responses addressing the timeliness of the federal petition and the request to stay. Petitioner filed objections opposing the dismissal of his petition on limitations grounds and seeking appointment of counsel.

---

[2] In June 2010, Petitioner filed a motion for leave to file petition for writ of mandamus to compel the convicting court to rule on the pending application. *See Ex parte Madden*, WR-69,026-03, SHCR-03 (ID 2417946). However, the TCCA denied his motion for leave to file in September 2010. *Id.*

[3] For purposes of this recommendation, the federal petition is deemed filed on July 15, 2010, the date Petitioner signed it and presumably handed it to prison officials for mailing. *See* Rule 3(d) of the Rules Governing § 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

## II. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). In this case, the one-year period is calculated from the latest of (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; or (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action. 28 U.S.C. § 2244(d)(1)(A) and (B).[4]

### 1. Date Judgment Became Final

Petitioner did not file a petition for writ of certiorari after the August 20, 2008, refusal of his out-of-time PDR. Thus, under section 2244(d)(1)(A), his conviction became final ninety days later on November 18, 2008. *See* Sup. Ct. R. 13.1; *Jimenez v. Quarterman*, 555 U.S. 113, ___, 129 S. Ct. 681, 685-66 (2009) (conviction final after time for seeking direct review expires). Contrary to Petitioner's assertion, the March 2010 mandate date does not determine the finality of his conviction under section 2244(d)(1)(A). *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (mandate date inapplicable in determining finality of conviction for purposes of one-year period). Nor does statutory tolling apply, since neither of his state applications was pending in state court during the one-year limitations period, from November 19, 2008, through November 18, 2009. *See* 28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of

---

[4] Subsections 2244(d)(1)(C) and (D) are inapplicable in this case. Petitioner does not base any of his claims on a new constitutional right, and the factual predicate of his claims arose on or before his conviction became final.

properly filed state application). Petitioner filed his September 2008 application *before* the one-year period began to run, and his January 2010 application *after* it had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application filed after federal limitations period expired does not toll limitations period). Therefore, the July 2010 federal petition, filed seven months after the one year period elapsed, is clearly untimely absent equitable tolling.[5]

    2.    State Created Impediment

In light of Petitioner's *pro se* status and the appellate court's delay in issuing a new mandate, the Court liberally construed Petitioner's initial filings in this case to assert a state created impediment under section 2244(d)(1)(B). (*See* Doc. 14 at 2-3.) Both parties have now briefed the issues.

To invoke section 2244(d)(1)(B), a petitioner must show that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his federal petition. *See Upchurch v. Thaler*, NO. 3-10-CV-0987-D, at 5-6 (N.D. Tex. 2011) (collecting cases requiring causal relationship between unconstitutional state action and being prevented from filing federal petition), *recommendation accepted*, 2011 WL 1193209 (N.D. Tex. 2011). Thus, a petitioner "must also show that . . . [the impediment] actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, ___ F.3d ___, 2011 WL 1226263, at *2 (5th Cir. Apr. 4, 2011)

---

[5] The January 2010 state application, like the September 2008 state application, preceded the March 2010 mandate and, as such, may be premature. *See Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir. 2004) (state application filed *before* issuance of mandate by state court of appeals was *not* "properly filed" and, thus, could not statutorily toll one-year limitations period).

(emphasis in original).

In *Critchley v. Thaler*, the Court of Appeals for the Fifth Circuit recognized "the interrelationship between the filing of federal and state habeas petitions." *Critchley v. Thaler*, 586 F.3d 318, 320 (5th Cir. 2009). The Court found a state created impediment under section 2244(d)(1)(B) because the state had effectively prevented the petitioner from filing his federal habeas petition by failing to file his state habeas application even though the petitioner had sent his application to the clerk for filing. *Id.* at 321. While the petitioner could have taken his claims to federal court at any time, federal law required him to exhaust his claims in state court. *Id.* at 320. In addition, the petitioner could not have "known to file [a protective] petition until he became aware that his state application had not been filed." *Id.* at 321. Thus, *Critchley* demonstrates that a state-created impediment to filing a state habeas application may also amount to an impediment to filing a federal habeas petition under section 2244(d)(1)(B).

In this case, the State did not prevent Petitioner from filing a state habeas application. The record reflects the court of appeals delayed extensively, as much as 18 months, in issuing a new mandate after the refusal of Petitioner's out-of-time PDR. Regardless of what the court of appeals should have done under Tex. R. App. P. 18.1, it is clear that, until the court of appeals issued its mandate, the TCCA lacked jurisdiction to consider Petitioner's state application. *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004). This was an absolute bar to filing a state application, *Id.*, of which Petitioner was well aware. Because Petitioner knew of the impediment to filing his state application, his case is markedly different from *Critchley*, who was unaware of the state court's failure to file his post-conviction applications. *Critchley*, 586 F.3d at 321. Thus, Petitioner cannot demonstrate a state-created impediment to filing a state habeas application.

5

Likewise Petitioner cannot show a state-created impediment to filing a federal petition. He contends that, absent issuance of a mandate, he could not file a *state* habeas application, thereby exhausting his state court remedies and statutorily tolling the AEDPA one-year limitations period. (Doc. 18 at 2.) While Petitioner faced a jurisdictional bar to filing a *state* application, *see Larry*, 361 F.3d at 894-95, this bar did not prevent him from filing a timely protective *federal* petition and seeking a stay of the one-year limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (addressing when a petitioner should filed a "protective" petition to avoid the running of the one-year limitations period); *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (addressing district court's discretion to abate or stay federal habeas actions pending resolution of state habeas proceedings). Aware that the one-year limitations period was running out, and that he could not file a state application due to the absence of a new mandate, Petitioner had the option to file a protective federal petition with a motion to stay. *Cf. Williams v. Thaler*, 400 Fed. Appx. 886, 892 n. 8 (5th Cir. 2010) (unpublished *per curiam*) (petitioner had no reason to file protective federal petition because he continued to receive letters from TCCA assuring him that his state application was pending); *Critchely*, 586 F.3d at 321 (petitioner could not have "known to file [a protective] petition until he became aware that his state application had not been filed). The ultimate filing of the protective federal petition and motion to stay in this case (the latter of which cited directly to *Pace* and *Rhine*) belie any assertion to the contrary.

Moreover, this case differs markedly from *Egerton*,[6] where the petitioner was unaware of

---

[6] *Egerton* involved an inmate whose incarceration began prior to the AEDPA one-year time limit; the inmate was unaware of the one-year period and had no access to legal materials until after the limitations period had expired. The Court of Appeals for the Fifth Circuit held that the inadequate library, which did not include copies of the AEDPA, was a state-created impediment under section 2244(d)(1)(B). *Egerton*, 334 F.3d at 438-39.

the one-year limitations period and had no access to legal materials until after the limitations period had expired, and from *Critchley*, where the petitioner was unaware of the state court's failure to file his post-conviction applications. Here, Petitioner knew of both the one-year statute of limitations and the court of appeal's delay in issuing a new mandate. (Doc. 2 at 1.) He incorrectly assumed that, absent a new mandate, the one-year limitations period would not start anew. (Doc. 18 at 2-4.) Five years earlier, though, *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003), held that a state conviction becomes final when the time for seeking direct review expires, regardless of when the court of appeals issues its mandate.

In light of the above, the Court concludes that Petitioner cannot establish the required nexus or cause between the court of appeals' delay in issuing a mandate and *actually being prevented* from filing a timely protective federal petition. *See Krause*, ___ F.3d ___, 2011 WL 1226263, at 2-3 (finding no state-created impediment because petitioner failed to allege that transfer facility's lack of legal materials actually prevented him from filing timely federal petition). Therefore, to the extent Petitioner seeks to allege a state-created impediment under section 2244(d)(1)(B), his claim has no merit and his federal petition should be dismissed as time barred absent equitable tolling.

## B. **Equitable Tolling**

Because the AEDPA one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and

quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (*Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002)).

      1.      <u>Extraordinary Circumstances</u>

As of the granting of Petitioner's out-of-time PDR, the holding in *Roberts v. Cockrell* had been the law of this circuit for more than five years. Petitioner should have known, then, that the AEDPA limitations period was based on the date the appellate opinion is handed down, not the later date when a mandate is issued. *See Roberts*, 319 F.3d at 694-95 (mandate date inapplicable in determining finality of conviction for purposes of one-year period). Because "[t]he settled state of the law . . . belies any claim of legal confusion," Petitioner cannot establish sufficient extraordinary circumstances. *Lawrence*, 549 U.S. at 336 (rejecting legal confusion as a basis for equitable tolling because law was settled); *see also Flores v. Quarterman*, 467 F.3d 484, 486-87 (5th Cir. 2006) (legal confusion as to one-year period, because of disagreements between courts before *Roberts v. Cockrell*, was insufficient to establish extraordinary circumstances for equitable tolling; counsel should have erred on side of caution and filed federal petition based on earlier deadline).

In this case, however, the court of appeals issued its mandate three and one-half months *after* the one year limitations period ultimately expired. *Cf. Flores*, 467 F.3d at 487 (court of appeals issued mandate ten months *before* the one year limitations period elapsed, thus leaving petitioner and counsel ample time to file state and federal petitions). Thus, throughout the one-year period, Petitioner faced a dilemma between (1) waiting for a mandate to file a state habeas application, and (2) exhausting his claims in state court before the one-year limitations period

expired. As noted above, while a state habeas application filed before issuance of the court of appeal's mandate is premature and subject to dismissal without prejudice, *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000), the AEDPA one-year period is calculated based on the date the appellate opinion is handed down, not the later date when a mandate is issued. *Roberts*, 319 F.3d at 694-95.

Aware of his predicament (that the one-year federal limitations period was running out, but that he was unable to file a state application due to the delayed issuance of a mandate), the State correctly asserts that Petitioner should have filed a protective petition in federal court as set out in *Pace v. Di Guglielmo*, 544 U.S. 408, 416 (2005). *Pace* suggested that a petitioner in doubt about whether his state application is "properly filed," so as to toll the AEDPA statute of limitations period, should file a "protective" petition in federal court to avoid the running of the one-year limitations period. *Pace* did not hold that petitioners *must* file protective petitions to invoke equitable tolling, and the Court of Appeals for the Fifth Circuit previously declined to so hold. *See Howland v. Quarterman*, 507 F.3d 840, 846 (5th Cir. 2007).

Cognizant that the one-year limitations period was running out, and that he could not file a state application due to the absence of a new mandate, Petitioner could have filed a protective federal petition with motion to stay. *Cf. Williams v. Thaler*, 400 Fed. Appx. 886, 892 n. 8 (5th Cir. 2010) (unpublished *per curiam*) (petitioner had no reason to file protective federal petition because he continued to receive letters from TCCA assuring him that his state application was pending); *Critchely*, 586 F.3d at 321 (petitioner could not have "known to file [a protective] petition until he became aware that his state application had not been filed). While Petitioner ultimately filed this federal petition, it was outside the one-year limitations period, thus having

9

no prophylactic affect.

Nothing in the record suggests that Petitioner's situation was unique for purposes of equitable tolling, or that the state court in any way prevented him from asserting his rights. While Petitioner may have been confused about when the one-year period commenced, neither his *pro se* status nor his unfamiliarity with the law suffice as a basis for equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."). In addition, his pleadings confirm that he was aware of his procedural predicament and the Supreme Court's decisions in *Pace* and *Rhine*. (Doc. 2 at 1-3, Doc. 18 at 2-7.) Therefore, the Court concludes that the present case does not present the type of extraordinary circumstances required for equitable tolling.

2.  Diligence

Nor does this case show that Petitioner diligently pursued his federal rights, despite the procedural difficulties he faced. *Mathis*, 616 F.3d at 474 ("reasonable diligence" not "maximum feasible diligence" required for equitable tolling). Before the one-year limitations period even began to run, Petitioner knew (as a result of the dismissal of his September 2008 application) that the court of appeals had not issued a new mandate and that he could not file a state application until a new mandate issued. His filings and the record reflect Petitioner focused his attention on the state habeas process, seeking to compel issuance of a new mandate and assistance in filing a new state application. (*See* Doc. #13 Ex. D-L, P.) While this may have been appropriate at first, his efforts appear to have ignored that the AEDPA one-year period was running and that he may ultimately may have to file a federal protective petition and motion to stay. In the end, Petitioner

10

squandered *all* the one-year period with his numerous efforts in seeking issuance of a mandate and the filing of a "proper" state application. He also delayed beyond the one-year period the filing of a protective federal petition (over twenty months from the date his conviction became final).

Relying solely on conclusory assertions, Petitioner fails to explain why he could not have filed a timely protective federal petition. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. It is well established that "equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, the Court concludes that Petitioner did not act with due diligence in pursuing his federal habeas rights.

Because this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling, Petitioner cannot carry his burden of establishing that equitable tolling is warranted. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling). Therefore, the Court refuses to apply equitable tolling in this case.

**C.** **Suspension Clause**

In reply to Respondent's supplemental response, Petitioner states that the dismissal of his habeas petition violates the Suspension Clause of the United States Constitution, because it constitutes a complete denial of collateral review. (Doc. 18 at 4.) He argues that, as a *pro se*, incarcerated litigant, he does not understand the habeas rules and does not have access to free legal assistance within the Texas Department of Criminal Justice. (*Id.* at 5.)

Under the Suspension Clause, "[t]he Privilege of the Writ of Habeas Corpus shall not be

suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Whether the one-year limitations period violates the Suspension Clause depends on whether the limitations period "'renders the habeas remedy inadequate or ineffective to test the legality of detention.'" *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Petitioner has not shown that the habeas remedy was inadequate or ineffective for him. No outside force prevented him from filing a protective, federal petition before the limitations period expired, and Petitioner appears to rely only on his *pro se* status and his own ignorance of the law. *See Molo*, 207 F.3d at 775 (rejecting Suspension Clause challenge).

In addition, the application of the one-year statute of limitations in this case does not amount to a violation of the Suspension Clause. First, section 2244(d) does not foreclose habeas corpus relief for those who diligently pursue their claims. *See Miller*, 141 F.3d at 978. While the limitations period bars the claims in this case, it does not mean that it renders the habeas remedy ineffective as a constitutional matter. As a matter of fact, many inmates timely file federal habeas petitions. Second, section 2244(d) is not jurisdictional and as a limitations period may be subject to equitable tolling. As noted above, however, Petitioner has not presented facts which would support equitable tolling in this case. Moreover, while the one-year limitations period might raise serious constitutional questions where it forecloses the opportunity for habeas relief for one who is actually innocent of the crime for which he was convicted, Petitioner has not alleged an actual innocence claim. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). Accordingly, the Court rejects Petitioner's contention that the dismissal of his federal petition on limitations grounds violates the Suspension Clause.

D.      **Motion for Stay and Abeyance**

The Court also rejects Petitioner's request to stay this federal action pending exhaustion of his state court remedies. When state proceedings are pending, as in this case, the District Court has the discretion in "limited circumstances" to abate or stay a federal habeas action pending resolution of state habeas proceedings. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Such circumstances are present only if the petitioner shows (1) good cause for his failure to exhaust his claims, and (2) his unexhausted claims are not plainly meritless. *Id.* Here, Petitioner cannot meet the second prong. His claims are plainly meritless because they are untimely. When a petitioner has filed an untimely federal protective petition, a stay is simply not warranted. *See Beanne v. Quarterman*, 2009 WL 2252060, at *3 (N.D. Tex., Dallas Div. 2009) (No. 3:09-CV-0940-O) (a stay "will not change the timeliness of the filed protective petition"). Therefore, Petitioner's motion for stay and abeyance should be denied.

E.      **Motion to Appoint Counsel**

In his reply, Petitioner appears to request appointment of counsel. (Doc. 18 at 1.) A petitioner is not entitled to counsel in a federal habeas corpus proceeding challenging his conviction. In the event that an evidentiary hearing is necessary to resolve the claims raised in the federal petition, the Court will appoint counsel. However, the Court has determined that the federal petition is time barred. Therefore, the motion to appoint counsel should be denied.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED as barred by the one-year statute of limitations and that Petitioner's motions for stay and abeyance (Doc. 2) and for appointment counsel (embedded within Doc. 18) be DENIED.

The Clerk of the Court is **directed** to terminate the case referral.

SIGNED May 9, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE